CLIFTON BUDD & DeMARIA, LLP
Attorneys for Plaintiffs
420 Lexington Avenue
New York, New York 10170
212-687-7410

06 CV 1774

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SMJ GROUP, INC., CIELI PARTNERS, L.P.,
BROOKLYN DINER USA, L.P.,

        Plaintiffs,

        - against -

417 LAFAYETTE RESTAURANT LLC, THE
RESTAURANT OPPORTUNITIES CENTER OF
NEW YORK, INC., JOHN DOES 1-58, JOHN
ROES 1-50,

        Defendants.

-------------------------------------------------------------------x

**COMPLAINT**

Civil Action No.:

**JURY TRIAL DEMANDED**

**ECF CASE**

RECEIVED MAR 07 2006 U.S.D.C. S.D.N.Y. CASHIERS

        SMJ GROUP, INC., CIELI PARTNERS, L.P., BROOKLYN DINER USA, L.P., ("Plaintiffs"), by their attorneys Clifton Budd & DeMaria, LLP, complaining of 417 LAFAYETTE RESTAURANT LLC, THE RESTAURANT OPPORTUNITIES CENTER OF NEW YORK, INC., JOHN DOES 1-58, JOHN ROES 1-50, ("Defendants"), allege as follows:

## NATURE OF THE ACTION

        1.    This action involves the wrongful efforts of one restaurant group to finance its for-profit endeavors through an incestuous relationship with a purportedly not-for-profit entity whose primary activities include corporate campaigns against other restaurants, like Plaintiffs.  Defendants' corporate campaigns are undertaken to increase their notoriety and thereby enhance their fund-raising capacity.  Defendants solicit and accept donations, grants, and contributions under the pretext that they are no more than a disinterested, not-for-profit advocacy

group.  In fact, however, Defendants channel these funds to for-profit restaurants owned and operated by their individual members.

2.    In this case, Defendants have targeted Plaintiffs with their wrongful conduct.  Without identifying themselves in any way, Defendants have stationed leafleters outside Plaintiffs' restaurants to distribute materials prominently displaying Plaintiffs' registered trademarks, and bearing the phrase "special for you."  Defendants' leafleting was intended to, and was likely to, confuse the public.  Defendants created the appearance that (1) Plaintiffs were the source of the leaflets and (2) the leaflets contained information concerning a dining special.

3.    In fact, only after opening and reading the leaflet would it be apparent that Plaintiffs were not the source of the leaflet.  The leaflet contained false and defamatory statements concerning Plaintiffs' employment practices.

4.    Plaintiffs seek injunctive and monetary relief.  By their conduct, Defendants violated 15 USC. 1114, 1125 (a) and (c) N.Y. Gen Bus. Law 349 and 360-l, and have engaged in injurious falsehood, unfair competition and tortious interference with prospective business.

## PARTIES

5.    Plaintiff SMJ Group, Inc. ("SMJ") is a domestic corporation with a principal place of business at 888 Seventh Avenue, New York, New York.

6.    Plaintiff Cieli Partners, L.P. ("Cieli") is a domestic limited partnership with a principal place of business at 900 Seventh Avenue, New York, New York, operating an upscale restaurant under the name Trattoria Dell 'Arte (" Trattoria Dell 'Arte").

7.      Plaintiff Brooklyn Diner U.S.A., L.P. ("Brooklyn L.P.") is a domestic limited partnership with a principal place of business at 212 W. 57th Street Avenue, New York, New York, operating a upscale restaurant under the name Brooklyn Diner USA ("Brooklyn Diner USA").

8.      Defendant 417 Lafayette Restaurant LLC ("417 Lafayette") is domestic limited liability company, with a principal place of business at 417 Lafayette Street, New York, New York, operating an upscale restaurant under the name Colors Restaurant ("Colors").

9.      Defendant The Restaurant Opportunities Center of New York, Inc. (the "Restaurant Opportunities Center") is a domestic not-for-profit corporation, with a principal place of business at 99 Hudson Street, New York, New York.  The Restaurant Opportunities Center owns a 40% interest in 417 Lafayette.

10.     Defendant John Does 1-58 are employee-owners of Colors, collectively owning a 20% interest in 417 Lafayette.  John Does 1-58 are also members of the Restaurant Opportunities Center.

11.     Defendants John Roes 1-50 are outside investors in Colors.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction under 15 U.S.C. 1121 and under 28 U.S.C. 1331, 1338(a) and (b) and 1367.

13.     Venue lies in this district pursuant to 28 U.S.C. 1391.

3

## FACTUAL ALLEGATIONS

**A.    Defendants are competitors in Manhattan's upscale restaurant industry**

14.    417 Lafayette operates under the name Colors, an upscale dining establishment located at 417 Lafayette Street in Manhattan.  The Restaurant Opportunities Center owns 40% of 417 Lafayette.  In addition, 58 individual members of the Restaurant Opportunities Center (John Does 1-58) own an additional 20% of 417 Lafayette.

15.    Ten of 417 Lafayette's twelve current Board of Directors are members of the Restaurant Opportunities Center.

16.    To achieve their equity interest in 417 Lafayette, John Does 1-58 were required to devote 100 hours in furtherance of Defendants' activities, like the conduct challenged in this action.  To maintain their equity interest, John Does 1-58 must continue to devote 30 hours every six months toward these activities.

17.    The Restaurant Opportunities Center's stated mission and strategic goal is to extend the model of employee-owned restaurants to other restaurant ventures.  Its plan for achieving this goal includes earmarking profits from Colors, as well as soliciting and accepting contributions from outside sources.

**B.    Defendants engage in corporate campaigns against other upscale Manhattan restaurants to increase their notoriety and enhance their fund-raising capacity**

18.    Defendants solicit and accept funding through contributions and grants.

19.    Defendants maintain a website, www.rocny.org, which boastfully describes its "victories" in certain corporate campaigns.  Among other things, Defendants claim

on their website, "Over the past two years, through a combination of litigation, press, and protests, we have won more than $300,000 in six campaigns for back wages and discrimination claims for food service workers."

20.     Defendants also republish on their website a New York Times article describing their "victory" over "[t]wo fashionable Manhattan restaurants - Cité and the Park Avenue Cafe." Defendants have given interviews for numerous newspaper articles describing their activities.

21.     Defendants' website contains a direct link which allows visitors to make credit card donations to Defendants.

22.     Defendants also publicize their corporate campaigns in mass mailings. Defendants recently coordinated a fundraising event by mailing invitations that described their victory against a large Manhattan restaurant.

23.     Defendants have made corporate campaigns an integral part of their fundraising strategy.

## C.     Defendants' corporate campaign against the Redeye Grill

24.     On or about November 30, 2005, Defendants sent a letter to the Redeye Grill, wherein it purported to represent employees of the Redeye Grill. Defendants did not purport to represent the employees of either Trattoria Dell 'Arte or Brooklyn Diner USA. Defendants have not, by letter or otherwise, claimed to represent the employees of Trattoria Dell 'Arte or Brooklyn Diner USA.

25.     Because Defendants are, in fact, restaurant owners themselves, Redeye Grill, L.P. refused to recognize Defendants as lawful representatives of Redeye Grill employees.

26.     Defendants commenced a corporate campaign against the Redeye Grill, which included picketing, leafleting, dissemination of false and defamatory statements, and coercion of customers and potential customers.

27.     Defendants' corporate campaign against the Redeye Grill is the subject of a civil action pending in the New York State Supreme Court, New York County. Defendants' attempts to obtain recognition as a bargaining representative of the Redeye Grill's employees are the subject of an unfair labor practice charge pending before the National Labor Relations Board.

28.     Defendants' corporate campaign against the Redeye Grill is part of their overall effort increase their notoriety, thereby enhancing their fund-raising capacity and increasing the viability of their for-profit restaurant ventures.

**D.     Defendants wrongfully target Trattoria Dell 'Arte and Brooklyn Diner USA.**

29.     In furtherance of their corporate campaign against the Redeye Grill, Defendants have targeted Trattoria Dell 'Arte and Brooklyn Diner USA with their wrongful conduct.

30.     Beginning on March 1, 2006, and continuing, without identifying themselves in any way, Defendants have stationed leafleters outside both Trattoria Dell 'Arte and Brooklyn Diner USA.

31.    The leafleters outside Trattoria Dell 'Arte distributed materials prominently displaying a mark nearly identical to Plaintiffs' registered trademark, Reg. No. 2337410 (the "Trattoria Dell 'Arte Mark"), and bearing the phrase "special for you."

32.    Defendants' leafleting outside Trattoria Dell 'Arte was intended to, and was likely to, confuse the public. Defendants created the appearance that (1) Trattoria Dell 'Arte was the source of the leaflet and (2) the leaflet contained information concerning a dining special at Trattoria Dell 'Arte.

33.    Only after opening and reading the leaflet would it be apparent that Trattoria Dell 'Arte was not the source of the leaflet. The leaflet contained false and defamatory statements concerning Trattoria Dell 'Arte's employment practices.  A copy of the leaflet is attached hereto as Exhibit "A."  The leaflet states, *inter alia*, that "this restaurant company" has been sued in federal court for misappropriated tips and unpaid overtime.  The leaflet also references claims of race and gender discrimination, sexual harassment and retaliation.

34.    In fact, Trattoria Dell 'Arte has not been sued for misappropriated tips, nor have any claims been presented by or on behalf of Trattoria Dell 'Arte's employees.

35.    Defendants intentionally and willfully adopted a mark nearly identical to the Trattoria Dell 'Arte Mark in order to trade-off and take unfair advantage of the goodwill and reputation of Trattoria Dell 'Arte.

36.    Defendants intentionally and willfully tarnished the Trattoria Dell 'Arte Mark in order to further their corporate campaign, and thereby benefit their own for-profit endeavors.

7

37.     The leafleters outside Brooklyn Diner USA distributed materials prominently displaying a mark nearly identical to Plaintiffs' registered trademark, Reg. No. 2028443 (the "Brooklyn Diner USA Mark"), and bearing the phrase "special for you."

38.     Defendants' leafleting outside Brooklyn Diner USA was intended to, and was likely to, confuse the public.  Defendants created the appearance that (1) Brooklyn Diner USA was the source of the leaflet and (2) the leaflet contained information concerning a dining special at Brooklyn Diner USA.

39.     Only after opening and reading the leaflet would it be apparent that Brooklyn Diner USA was not the source of the leaflet.  The leaflet contained false and defamatory statements concerning Brooklyn Diner USA's employment practices.  A copy of the leaflet is attached hereto as Exhibit "B."  The leaflet states, *inter alia*, that "this restaurant company" has been sued in federal court for misappropriated tips and unpaid overtime.  The leaflet also references claims of race and gender discrimination, sexual harassment and retaliation.

40.     In fact, Brooklyn Diner USA has not been sued for misappropriated tips, nor have any claims been presented by or on behalf of Brooklyn Diner USA's employees.

50.     Defendants intentionally and willfully adopted a mark nearly identical to the Brooklyn Diner USA Mark in order to trade-off and take unfair advantage of the goodwill and reputation of Brooklyn Diner USA.

51.     Defendants intentionally and willfully tarnished the Brooklyn Diner USA Mark in order to further their corporate campaign, and thereby benefit their own for-profit endeavors.

**E.     Plaintiffs' distinctive marks**

52.     Trattoria Dell 'Arte adopted the Trattoria Dell 'Arte Mark in 1988 for use in connection with its business of restaurant services.  Pursuant to a licensing agreement with SMJ, Trattoria Dell 'Arte has used the Trattoria Dell 'Arte Mark continuously since 1988.  Last year alone, Trattoria Dell 'Arte grossed approximately $11.8 million in sales.  As a result, the Trattoria Dell 'Arte Mark is widely recognized by customers as being associated with the high quality dining experience offered by Trattoria Dell 'Arte and has become synonymous with Trattoria Dell 'Arte's goodwill and reputation.

53.     In or about June 1998, SMJ filed an application with the U.S. Patent and Trademark Office seeking to register the Trattoria Dell 'Arte Mark.  On April 4, 2000, the U.S. Patent and Trademark Office issued a Registration Certificate registering the Trattoria Dell 'Arte Mark.  A copy of the Certificate is attached as Exhibit "C."  This registration remains in effect.

54.     Brooklyn Diner USA adopted the Brooklyn Diner USA Mark in 1996 for use in connection with its business of restaurant services.  Pursuant to a licensing agreement with SMJ, Brooklyn Diner USA has used the Brooklyn Diner USA Mark continuously since 1996. Last year alone, Brooklyn Diner grossed approximately $5.9 million in sales.  As a result, the Brooklyn Diner USA Mark is widely recognized by customers as being associated with the high quality dining experience offered by Brooklyn Diner USA and has become synonymous with Brooklyn Diner USA's goodwill and reputation.

55.     In or about September 1995, SMJ filed an application with the U.S. Patent and Trademark Office seeking to register the Brooklyn Diner USA Mark.  On January 7, 1997, the U.S. Patent and Trademark Office issued a Registration Certificate registering the Brooklyn Diner USA Mark.  A copy of the Certificate is attached as Exhibit "D."  This registration remains in effect.

## FIRST CAUSE OF ACTION

(Trademark Infringement under 15 U.S.C. 1114)

56.     Plaintiffs repeat and reallege paragraphs 1-55 as though fully set forth herein.

57.     The Trattoria Dell 'Arte Mark and the Brooklyn Diner USA Mark (collectively the "Marks") have been duly registered with the U.S. Patent and Trademark Office.

58.     Plaintiffs' use of the Marks occurred prior to Defendant's use of nearly identical marks.

59.     Defendants have been using the Marks in interstate commerce, in connection with their fund-raising efforts, financing and promotion of their own restaurants, and in adversely affecting Plaintiffs' ability to offer restaurant services.

60.     Defendants knowingly adopted the Marks to deceive customers and potential customers.

61.    Defendants have committed and, unless enjoined by this Court, will continue to commit the infringing acts alleged above, with full knowledge of Plaintiffs' prior rights and intentional disregard thereof.

62.    Defendants acts have violated 15 U.S.C. 1114, causing Plaintiffs harm.

63.    Unless enjoined by this Court, Defendants acts will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Infringement and False Designation under 15 U.S.C. 1125)

64.    Plaintiffs repeat and reallege paragraphs 1-63 as though fully set forth herein.

65.    The Trattoria Dell 'Arte Mark has become uniquely associated with Trattoria Dell 'Arte.

66.    The Brooklyn Diner USA Mark has become uniquely associated with Brooklyn Diner USA.

67.    Defendants have adopted marks nearly identical to the Marks, in style coloration, appearance and impression.

68.    By their conduct, Defendants willfully copied Plaintiffs' Marks.

69.    Defendants knowingly adopted the Marks to deceive customers and potential customers.

70.    Defendants have committed and, unless enjoined by this Court, will continue to commit the infringing acts alleged above, with full knowledge of Plaintiffs' prior rights and intentional disregard thereof.

71.    Defendants acts have violated 15 U.S.C. 1125(a), causing Plaintiffs harm.

72.    Unless enjoined by this Court, Defendants acts will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

(Dilution under 15 U.S.C. 1125)

73.    Plaintiffs repeat and reallege paragraphs 1-72 as though fully set forth herein.

74.    The Trattoria Dell 'Arte Mark has become uniquely associated with Trattoria Dell 'Arte.

75.    The Brooklyn Diner USA Mark has become uniquely associated with Brooklyn Diner USA.

76.    Defendants have adopted marks nearly identical to the Marks, in style coloration, appearance and impression.

77.    Defendants have associated with the Marks false and defamatory information, which has and will continue to tarnish the Marks. Defendants have also associated with the Marks, an advertising practice—the leafleting of "specials"—more commonly

12

associated with fast food restaurants and delicatessens than fine dining establishments, which has and will continue to tarnish the Marks.

78.     Defendants have committed and, unless enjoined by this Court, will continue to commit the diluting acts alleged above, with full knowledge of Plaintiffs' prior rights and intentional disregard thereof.

79.     Defendants acts have violated 15 U.S.C. 1125(c), causing Plaintiffs harm.

80.     Unless enjoined by this Court, Defendants acts will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

(Dilution under N.Y. Gen. Bus. Law 360-l)

81.     Plaintiffs repeat and reallege paragraphs 1-80 as though fully set forth herein.

82.     The Trattoria Dell 'Arte Mark has become uniquely associated with Trattoria Dell 'Arte.

83.     The Brooklyn Diner USA Mark has become uniquely associated with Brooklyn Diner USA.

84.     Defendants have adopted marks nearly identical to the Marks, in style coloration, appearance and impression.

13

85.     Defendants have associated with the Marks false and defamatory information, which has and will continue to tarnish the Marks.  Defendants have also associated with the Marks, an advertising practice—the leafleting of "specials"—more commonly associated with fast food restaurants and delicatessens than fine dining establishments, which has and will continue to tarnish the Marks.

86.     Defendants have committed and, unless enjoined by this Court, will continue to commit the diluting acts alleged above, with full knowledge of Plaintiffs' prior rights and intentional disregard thereof.

87.     Defendants' acts have violated N.Y. Gen. Bus. Law 360-l, causing Plaintiffs harm.

88.     Unless enjoined by this Court, Defendants acts will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION

(Deceptive Trade Practices under N.Y. Gen. Bus. Law 349)

89.     Plaintiffs repeat and reallege paragraphs 1-88 as though fully set forth herein.

90.     The Trattoria Dell 'Arte Mark has become uniquely associated with Trattoria Dell 'Arte.

91.     The Brooklyn Diner USA Mark has become uniquely associated with Brooklyn Diner USA.

14

92.     Defendants have adopted marks nearly identical to the Marks, in style coloration, appearance and impression.

93.     By their conduct, Defendants willfully copied Plaintiffs' Marks.

94.     Defendants knowingly adopted the Marks to deceive customers and potential customers.

95.     Defendants have associated with the Marks false and defamatory information, which has and will continue to tarnish the Marks.

96.     Defendants' acts have violated N.Y. Gen. Bus. Law 349, causing Plaintiffs harm.

97.     Defendants have committed and, unless enjoined by this Court, will continue to commit the infringing acts alleged above, with full knowledge of Plaintiffs' prior rights and intentional disregard thereof.

## SIXTH CAUSE OF ACTION

### (Injurious Falsehood)

98.     Plaintiffs repeat and reallege paragraphs 1-97 as though fully set forth herein.

99.     Defendants' statements complained of herein were false and derogatory toward Plaintiffs' business reputation and goodwill.

100.     Defendants published these statements with knowledge of their falsity.

101.   Defendants' statements have caused Plaintiffs harm.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition)

102.   Plaintiffs repeat and reallege paragraphs 1-101 as though fully set forth herein.

103.   The Trattoria Dell 'Arte Mark has become uniquely associated with Trattoria Dell 'Arte.

104.   The Brooklyn Diner USA Mark has become uniquely associated with Brooklyn Diner USA.

105.   Defendants have adopted marks nearly identical to the Marks, in style coloration, appearance and impression.

106.   By their conduct, Defendants willfully copied Plaintiffs' Marks.

107.   Defendants knowingly adopted the Marks to deceive customers and potential customers.

108.   Defendants have associated with the Marks false and defamatory information, which has and will continue to tarnish the Marks.

109.   By their acts, Defendants have competed unfairly, causing Plaintiffs harm.

## EIGHTH CAUSE OF ACTION

(Tortious Interference with Prospective Business)

110.   Plaintiffs repeat and reallege paragraphs 1-109 as though fully set forth herein.

111.   Defendants directed the complained of conduct toward individuals they knew to be customers or potential customers of Plaintiffs.

112.   Defendants intended for their conduct to divert customers and potential customers from Plaintiffs.

113.   Defendants actually diverted customers and potential customers through the use of wrongful means.

114.   Defendants' conduct resulted in lost business that would not have occurred but for Defendants action.

115.   Defendants' conduct have caused Plaintiffs harm.

**WHEREFORE**, Plaintiffs demand judgment against Defendants:

a)   awarding compensatory damages and consequential damages, including interest;

b)   awarding treble damages;

c)   awarding punitive damages;

d)   temporarily, preliminariliy and permanently enjoining Defendants from using Plaintiffs' Marks in any way that is likely to cause confusion or mistake, or otherwise cause to public to believe that Plaintiffs are in any way connected with any materials published by Defendants;

e)   awarding costs and disbursements of this action, including reasonable attorneys' fees; and

f)    awarding other further relief as the Court deems just and equitable.

Dated: March 6, 2006
New York, New York

Respectfully submitted,
CLIFTON BUDD & DeMARIA, LLP
Attorneys for Plaintiffs

By: _____
Thomas W. Budd
Arthur J. Robb
420 Lexington Avenue, Suite 420
New York, New York  10170-0089
(212) 687-7410

# EXHIBIT "A"



Brooklyn DINER

SPECIAL FOR YOU

The Restaurant Opportunities Center of New York (ROC-NY) is a non-profit organization that seeks improved working conditions for restaurant workers citywide. ROC-NY assists restaurant workers seeking legal redress against employers who violate their employment rights. ROC-NY seeks to provide customers and the public with information about the litigation in this restaurant through these handbills, not to picket or to interfere with deliveries. ROC-NY is not a labor organization and does not seek to represent the workers or be recognized as a collective bargaining agent of the workers at this restaurant.

# DO YOU REALLY WANT TO EAT HERE?

**Workers from this restaurant company have sued the company in Federal Court for misappropriated tips and unpaid overtime hours worked.** More than 50 current and former workers from the restaurant company approached the Restaurant Opportunities Center of New York, complaining of misappropriated tips, unpaid overtime wages, racial and gender discrimination, sexual harassment, harsh working conditions in the restaurant, and retaliation for speaking up for their rights.

**SUPPORT THE WORKERS IN THEIR STRUGGLE FOR DECENT WORKING CONDITIONS!**

**FOR MORE INFORMATION, PLEASE CALL ROC-NY (THE RESTAURANT OP-PORTUNITIES CENTER OF NEW YORK) AT 212-343-1771**

# EXHIBIT "B"



SPECIAL
FOR YOU

The Restaurant Opportunities Center of New York (ROC-NY) is a non-profit organization that seeks improved working conditions for restaurant workers citywide. ROC-NY assists restaurant workers seeking legal redress against employers who violate their employment rights. ROC-NY seeks to provide customers and the public with information about the litigation in this restaurant through these handbills, not to picket or to interfere with deliveries. ROC-NY is not a labor organization and does not seek to represent the workers or be recognized as a collective bargaining agent of the workers at this restaurant.

Workers from this restaurant company have sued the company in Federal Court for misappropriated tips and unpaid overtime hours worked. More than 50 current and former workers from the restaurant company approached the Restaurant Opportunities Center of New York, complaining of misappropriated tips, unpaid overtime wages, racial and gender discrimination, sexual harassment, harsh working conditions in the restaurant, and retaliation for speaking up for their rights.

SUPPORT THE WORKERS IN THEIR STRUGGLE FOR DECENT WORKING CONDITIONS!

FOR MORE INFORMATION, PLEASE CALL ROC-NY (THE RESTAURANT OPPORTUNITIES CENTER OF NEW YORK) AT 212-343-1771

DO YOU REALLY WANT TO EAT HERE?

# EXHIBIT "C"

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,337,410
Registered Apr. 4, 2000

### SERVICE MARK
### PRINCIPAL REGISTER

## TRATTORIA DELL 'ARTE

SMJ GROUP, INC. (NEW YORK CORPORA-
TION)
900 SEVENTH AVENUE
NEW YORK, NY 10019

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST USE 0–0–1989; IN COMMERCE
0–0–1989.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TRATTORIA", APART FROM
THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF "TRAT-
TORIA DELL 'ARTE" IS "RESTAURANT OF
THE ARTS".

SER. NO. 75–506,443, FILED 6–22–1998.

ANIL V. GEORGE, EXAMINING ATTORNEY

# EXHIBIT "D"

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,028,443
Registered Jan. 7, 1997

### SERVICE MARK
### PRINCIPAL REGISTER



SMJ GROUP, INC. (NEW YORK CORPORA-
TION)
900 SEVENTH AVENUE
NEW YORK, NY 10019

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).
FIRST USE 6–28–1995; IN COMMERCE
6–28–1995.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "USA" AND "BROOKLYN

DINER" , APART FROM THE MARK AS
SHOWN.

THE LINING SHOWN IN THE DRAWING IS
A FEATURE OF THE MARK AND NOT IN-
TENDED TO INDICATE COLOR.

SER. NO. 74–728,621, FILED 9–13–1995.

K. MARGARET LE, EXAMINING ATTORNEY